UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Andrew H. Brezzell,

       Plaintiff,

v.

Bank of America, N.A., BAC Home Loans
Servicing, LP, and The Bank of New York
Mellon f/k/a The Bank of New York as
Trustee for The Certificate Holders of
CWABS 2004-2009,

       Defendants.

_____/

Case No. 11-11467

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [8]**

       In this motion to dismiss, the Court must decide whether Plaintiff Andrew H. Brezzell's mortgage-related complaint states a sustainable claim against Defendants.[1]   Plaintiff alleges that Defendants improperly and illegally foreclosed his property.  He seeks rescission of the foreclosure sale, that Defendants stop eviction proceedings, damages, and any other relief the Court deems appropriate.  Plaintiff states that he is entitled to these remedies because Defendants violated several provisions of the Michigan foreclosure by advertisement statute, Michigan Compiled Law § 600.3205a.  Because of the violation, he also seeks to quiet title to the property.[2]   Because the Court finds that Plaintiff's property

---

[1]Defendants are Bank of American, N.A., BAC Home Loans Servicing, LP, and The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificate Holders of CWABS 2004-2009.

[2]Plaintiff also originally alleged that Defendants violated the Equal Credit Opportunity Act, 15 U.S.C. § 1691(d).  Plaintiff now concedes that the ECOA does not apply to this case and states that he will voluntarily dismiss this cause of action.  (Pl.'s Resp. at 10.)

was properly foreclosed, the redemption period has expired, and Plaintiff has not shown the required fraud or irregularity to set aside the foreclosure sale, the Court GRANTS Defendants' motion to dismiss.

## I.   Facts

### A. The mortgage, default, and foreclosure sale

On July 16, 2004, Plaintiff executed a mortgage on property located at 15870 Fairfax Street, Southfield, Michigan 48075, in favor of Mortgage Electronic Registration Systems, Inc. (MERS), for $164,000.00.  (Defs.' Mot. for Summ. J., Ex. 1.)  The mortgage secured the payment of a promissory note given by Plaintiff to America's Wholesale Lender for that amount.  (*Id.*)  On December 8, 2009, MERS assigned the mortgage to The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certification of DWABS 2004-2009.  (Defs.' Mot. for Summ. J., Ex. 2.)

On September 4, 2007, Countrywide Home Loans Servicing, LP, the loan servicer at that time, notified Plaintiff that he was in default of the promissory note.  (Defs.' Mot. for Summ. J., Ex. 3.)

On May 17, 2008, Plaintiff and Countrywide entered into a loan modification agreement.  (Defs.' Mot. for Summ. J., Ex. 5.)

Less than a year later, on March 18, 2009, Plaintiff entered into another loan modification agreement.  (Defs.' Mot. for Summ. J., Ex. 7.)  By December 9, 2009, Plaintiff had defaulted again and BAC Home Loans Servicing, LP began proceedings to collect on the debt.  (Defs.' Mot. for Summ. J., Ex. 8.)

Defendants proceeded to foreclose the property.  They published notice of the foreclosure sale in The Detroit Legal News on December 11, 18, and 25, 2009, and

2

January 1, 2010.  (Defs.' Mot. to Dismiss, Ex. 9.)  On December 12, 2009, Defendants also posted notice of the foreclosure sale at Plaintiff's property,15870 Fairfax Street.  (*Id.*)

Plaintiff admits that he "was advised that his home would be foreclosed."  (Pl.'s Resp. at 6.)

On February 9, 2010, the foreclosure sale was held and Mellon Bank was the highest bidder at the sheriff's sale.  (Defs.' Mot. for Summ. J., Ex. 10.)  The redemption period expired on August 9, 2010.  (*Id.*)

### B. Plaintiff's allegations

Plaintiff acknowledges that he was not able to keep up with his mortgage payments, due to, he alleges, financial hardship, in 2009.  (Compl. ¶ 10.)  During this financial hardship, Plaintiff says that he stayed in contact with Bank of America, the mortgage servicer, to work with it to bring the account up to date.  (*Id.* ¶ 11.)  Plaintiff alleges that [Bank of America] "failed to follow protocol regarding modification]" and "failed to provide Plaintiff proper documentation as required by the Michigan Foreclosure Statute." (*Id.* ¶ 12.) Plaintiff specifically alleges that he was never provided with a mediation, never "formally advised" that the loan modification was denied; and never received a denial letter or any other written response to the loan modification request–all in contravention to the statute. (*Id.* ¶¶ 13-15.)

This failure in action, Plaintiff alleges, resulted in Defendants illegally selling the property at the sheriff's sale.  (*Id.* ¶ 17.)  The sale was illegal, Plaintiff states, because Defendants failed to advertise the property for four consecutive weeks and failed to provide thirty-day notice, as required by statute.  (*Id.* ¶ 17.)  Although Plaintiff recognizes that Defendants state that the redemption period has expired, he alleges that the redemption

3

period could not have actually expired because it could not have begun, because a "lawful and proper foreclosure" did not take place.  (*Id.* ¶ 18.)

## II.   Rule 12(b)(6) motion to dismiss standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief.  *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996).  To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted).  *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).  "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice."  *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009)  The court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Id.* at 1950 (internal quotation marks and citation omitted).  Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss."  *Id.*  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."  *Id.* (internal

4

quotation marks and citation omitted).  Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*  In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* at 1949 (internal quotation marks and citation omitted).

Under rule 12(d), if on a Rule 12(b)(6) motion , a party presents documents or other evidence outside the pleadings, a court must treat the motion as one for summary judgment under Rule 56.  Fed. R. Civ. P. 12(d).  But if the documents or evidence attached are referred to in the complaint and central to the claim, then the documents are a part of the pleadings and the court does not have to convert the 12(b)(6) motion into a motion for summary judgment. *Campbell v. Deutsche Bank Nat'l Trust Co.*, No. 11-10068, 2011 WL 2533577, at *2 (E.D.Mich. June 27, 2011) (Rosen, C.J.) (citations omitted).

## III.   Analysis

Plaintiff has styled his complaint as a two-count request to set aside the foreclosure sale.  In count one, he alleges that Defendants violated Michigan Compiled Law § 600.3205a.  In count two, he alleges a quiet title action.  The Court will first address count two, as it encompasses count one and ultimately resolves the controversy.

### A.  Plaintiff cannot make out a prima facie case of title

Michigan law provides that "[a]ny person . . . who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action . . . against any other person who claims . . . [an inconsistent interest.]" Mich. Comp. Law § 600.2932(1). Under Michigan law, the plaintiff has the burden of proof in an action to quiet title and must make out a prima facie case of title. *Stinebaugh v. Bristol*, 347 N.W.2d 219, 221 (Mich.Ct.App. 1984). If the plaintiff makes out such a case, then the defendant has the burden or proving a superior right or title in itself. *Beulah Hoagland Appleton Qualified Pers. Residence Trust. v. Emmet County Rd. Comm'r*, 600 N.W.2d 698, 700 (Mich. Ct. App. 1999). To establish a prima facie case of title courts have found that plaintiffs that "describe[] the chain of title through which they claim ownership of the disputed [property]" or "provide[] . . . a copy of a mortgage" satisfy the prima facie elements. *Id.* at 700-01, *Johns v. Dover*, No. 291028, 2010 WL 2696656, at *1 (Mich. Ct. App. July 8, 2010).

Plaintiff cannot make out a prima facie case of title. Here, the property was properly foreclosed and sold, the redemption period has expired, all rights have vested in Defendants, and Plaintiff has not made the requisite showing of fraud or irregularity that courts have found necessary to set aside a foreclosure sale.

### 1. The property was properly foreclosed, the redemption period has expired, and all rights have vested in Defendants

Michigan Compiled Law § 600.3208 governs notice for foreclosure by advertisement. That section requires a party foreclosing upon a property to post notice for four consecutive weeks in a newspaper and, within fifteen days of the first posting's date, to also post notice on the property itself. Defendants complied with this statute. They posted notice from December 11, 2009 to January 11, 2010, and also posted notice on the front door of the

property on December 12, 2009.  (Defs.' Mot. to Dismiss, Posting affidavits, Ex. 9.)
Because Defendants complied with the statute, the Court finds that Defendants gave
proper notice of foreclosure.

On February 9, 2010, the property was sold at a foreclosure sale, and a sheriff's deed
was executed.  (Defs.' Mot. to Dismiss, Ex. 10.)  The redemption period thus began on that
date.   And then, on August 9, 2010, the redemption period expired.  Mich. Comp. Law §
600.3240.

Plaintiff failed to redeem the property.  As a result, the foreclosure deed became
"operative" and "all the right, title, and interest," in the property vested in Defendants.  Mich.
Comp. Law § 600.3236.  See  *Williams v. U.S. Bank Nat'l Ass'n*, No. 10-14967, 2011 WL
2293260, at *1 (E.D. Mich. June 9, 2011) (O'Meara, J.) (citing *Moses, Inc. v. Southeast
Mich. Council of Gov'ts*, 716 N.W.2d 278, 286 (Mich.Ct.App. 2006)) (holding, "[o]nce the
redemption period following foreclosure of property has expired, the former owner's rights
in and title to the property are extinguished.").  See also *Nafso  v. Wells Fargo Bank, NA*,
No. 11-10478, 2011 WL 1575372, at *2 (E.D. Mich. Apr. 26, 2011) (Cohn, J.) (citation
omitted) (holding that, after the redemption period has expired, the right, title, and interest
in the property is then in the purchaser of the sheriff's deed's hands.).

### 2. Plaintiff has not shown the requisite fraud or irregularity in the foreclosure necessary to set aside the foreclosure sale

Once a foreclosure sale has taken place and the redemption period has expired, only
a strong showing of fraud or irregularity can undo the sale.  *Overton v. Mortg. Elec.
Registration Sys.*, No. 284950, 2009 WL 1507342, at *1 (Mich.Ct.App. May 28, 2009)
(citation omitted) ("The law in Michigan does not allow an equitable extension of the period

to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity."). Defendants phrase their first argument for dismissal in terms of standing and rely on *Overton* to support that argument. Although the Court finds that the use of the "standing" term is somewhat misleading, it still finds that *Overton* is applicable and Defendants are still entitled to dismissal because the redemption period has expired and Plaintiff has not shown the requisite fraud or irregularity in the foreclosure proceedings.[3]

---

[3]At least one federal court in Michigan has addressed courts' use of lack of "standing" to dismiss these mortgage-related claims. In *Langley v. Chase Home Fin. LLC*, No. 10-604, 2011 WL 130926, at *2 n 2 (W.D.Mich. Mar. 28, 2011) (Jonker, J.), the court discussed *Overton* and held that the "standing" discussion that many defendants raise is a bit of a red herring, and that courts should view *Overton* as a merits decision and not a standing decision: "Many [d]efendants suggest the basis for the ruling in *Overton* is a lack of [a p]laintiff's standing once the redemption period expires, but the [Michigan court of appeals] does not actually say this. Nor would it seem like Article III standing could possibly be in doubt. After all, the [p]laintiffs in such cases are the last lawful owner and possessor of the property. Moreover, they often remain in continuing possession of the property notwithstanding any [s]heriff's sale and expiration of a redemption period. Moreover, [p]laintiffs in such cases claim a continuing right to lawful ownership and possession based on defects in the process used by [d]efendants to divest them of those rights. This certainly seems to satisfy this basic Article III requirement of "injury in fact," as well as any prudential considerations tied to a "zone of interests" analysis. Indeed, it is hard to imagine a person with a better claim to standing to challenge the process at issue. Of course, having standing to bring a claim does not mean you have a valid claim on the merits. That is a different question. *Overton* is best viewed as a merits decision, not a standing case." (*Id.*) The Court agrees with the *Langley* court, but again, finds *Overton* persuasive in this case as Plaintiff's claim lacks merit.

See also *Nett v. Wells Fargo Home Mortg., Inc.*, No. 10-15058, 2011 WL 1519166, at *3 (E.D.Mich. Apr. 20, 2011) (Battani, J.) (holding that a plaintiff can challenge a foreclosure sale after redemption upon a showing of fraud or irregularity." ("[T]he mortgagor may hold over after foreclosure by advertisement and test the validity of the sale in the summary proceeding." *Id.* (citation omitted). Without such an exception, "the typical mortgagor who faces an invalid foreclosure would be without remedy, being without the financial means to pursue the alternate course of filing an independent action to restrain or set aside the sale." *Id.* (citation omitted). Courts in this district have also found that "a very good reason may mandate setting aside a foreclosure sale." *Id.* (quotation marks and citations omitted).

In *Overton*, the plaintiff alleged that the defendants committed fraud in foreclosing his property. *Id.* at *1. The court noted that the plaintiff had defaulted on his mortgage and received notice of the default, yet still did nothing to redeem the property or challenge the foreclosure sale during the redemption period. *Id.* The court held that the plaintiff was "simply trying to wage a collateral attack on the foreclosure of the property." *Id.* The only way for the plaintiff to get around this lack of "standing," the court discussed, was to show that there was a "clear showing of fraud [] or irregularity." *Id.* Once the redemption period expired, all of plaintiff's rights in and title to the property were extinguished." *Id.* (citation omitted).

Here then, because the redemption period has expired, Plaintiff must make a clear showing of fraud of irregularity to set aside the foreclosure sale and succeed on his claim. Plaintiff alleges that this fraud or irregularity exists because Defendants violated Michigan Compiled Law § 600.3205a by failing to provide certain notices regarding loan modification rights. Even if Defendants violated this statute, that is not enough to set aside the foreclosure sale.

Plaintiffs in this district have made similar arguments. In *Nafso,* the court addressed similar arguments: (1) that the plaintiff had "standing because there was an actual dispute as to whether notice of the foreclosure was posted at the property as required [by Mich. Comp. Law § 600.3208];" and (2) the "foreclosure was invalid because [the bank] did not provide him with proper notice of his right to request a modification meeting under [Mich. Comp. Law § 600.3205a(1)(b)]." *Nafso*, 2011 WL 1575372, at *3. The court held these alleged defects were not "sufficient irregularities to void the foreclosure sale." *Id.* The court further held that the plaintiff could not show any prejudice that resulted from either alleged

9

defect "where he did not attempt to redeem the property and waited until the day before the redemption period expired to challenge the sherrif's sale, and at no time requested a stay of the sale." *Id.* The court therefore held that the plaintiff did not state a claim for relief as to a defect in the foreclosure proceedings. *See also Kama v. Wells Fargo Bank*, No. 10-10514, 2010 WL 4386974, at *2 (E.D.Mich. Oct. 29, 2010) (Hood, J.) (granting summary judgment on the standing argument to the defendants when they provided a sheriff's affidavit verifying that the defendants properly posted notice of and conducted a sheriff's sale on the property, the plaintiff made no effort to stay or challenge the foreclosure sale until after the redemption period. The court also rejected the plaintiff's argument that an allegation of not receiving notice was "a clear showing of fraud or irregularity" sufficient to set aside the sale.).

*Nett v. Wells Fargo Home Mortg., Inc.*, No. 10-15058, 2011 WL 1519166 (E.D.Mich. Apr. 20, 2011) (Battani, J.) shows the type of fraud or irregularity needed to survive a motion to dismiss. But *Nett* is not similar to this case. In *Nett*, the plaintiffs put forth evidence that the bank refused payments, did not review loan modification documents although it indicated that it would, and initiated and proceeded with foreclosure although the plaintiffs "repeatedly" contacted the bank. *Id.* at *1. The plaintiffs then learned that their home was sold at a sheriff's sale, and a few months later, before the redemption period expired, they challenged the foreclosure proceedings in a letter to the bank. *Id.* The bank informed plaintiffs that it was reviewing their request. *Id.* The redemption period expired and then the plaintiffs filed suit. *Id.* The court found that those facts established irregularities that warranted denying a Rule 12(b)(6) or Rule 56(c) motion. *Id.* at *3.

10

But here, as in *Nafso*, Plaintiff has not alleged fraud or irregularities sufficient to set aside the foreclosure.  Plaintiff also, as is *Nafso*, has not shown any prejudice that resulted from either defect: he did not attempt to redeem the property, he did not request a stay of the sale, and he did not file suit challenging the foreclosure until March, 2011, six months after the redemption period expired.  Plaintiff is therefore not entitled to relief.

## IV.   Conclusion

For the above-stated reasons, the Court GRANTS Defendant's motion to dismiss.


            s/Nancy G. Edmunds_____
            Nancy G. Edmunds
            United States District Judge

Dated:  July 11, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 11, 2011, by electronic and/or ordinary mail.

            s/Carol A. Hemeyer_____
            Case Manager

11